[Civ. No. 4492.   Fourth Dist.   Feb. 11, 1953.]

KEITH EARLL et al., Appellants, v. ELTON R. McCOY et al., Respondents.

McCabe & Schumacher for Appellants.

Head, Jacobs & Corfman for Respondents.

MUSSELL, J.—This action was brought under the provisions of section 2802 of the Labor Code to recover the value of personal property destroyed by fire.

Plaintiffs, a group of automobile mechanics, were employed by defendants in the operation of a general garage and Ford agency in Fullerton. Each of the plaintiffs received a weekly guaranteed salary, plus 50 per cent of money collected for his labor and each furnished his hand tools, which, for practical reasons and by custom and usage, were left in the garage overnight. There were no express instructions from the employer to leave the hand tools (which in some cases weighed several hundred pounds) at the place of business, but there was testimony to the effect that the job foreman discouraged the plaintiffs from taking their tools home. Each mechanic used his own tools, replaced them when they were worn out or lost, and, when not in use, they were left in the garage. On the night of June 23, 1950, a fire destroyed defendants' place of business, together with the hand tools and equipment belonging to the plaintiffs.

It is not contended that the defendants were negligent in connection with the fire or that plaintiffs' claims as to the amount of losses are excessive.

Plaintiffs joined in this action claiming indemnity for their losses under the provisions of section 2802 of the Labor Code. That section provides as follows:

"*Indemnification of employee for expenditures or losses in discharge of duties or obedience to directions.* An employer shall indemnify his employee for all that the employee necessarily expends or loses in direct consequence of the discharge of his duties as such, or of his obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying such directions, believed them to be unlawful."

It is the contention of the plaintiffs that the losses suffered by them were in direct consequence (1) of the discharge of their duties as employees; and (2) in obedience to the directions of their employers in view of the provisions of section 2857 of the Labor Code providing that an employee shall perform his service in conformity to the usage of the place of performance, unless otherwise directed by his employer, or unless it is impracticable or manifestly injurious to his employer to do so. In this connection it is argued that when one performs services in conformity to the usage of the place of employment, he is obeying a direction of the employer.

The trial court held that plaintiffs were not entitled to the benefits of said section 2802 and rendered judgment in favor of defendants. ▮▮▮ We conclude that the losses to the plaintiffs were not incurred in direct consequence of the discharge of their duties but were losses suffered incidental to their employment. If plaintiffs had been working or at the place of employment, it is quite possible that the fire would not have occurred and that plaintiffs' tools would not have been destroyed. There is no direct, unbroken connection between the losses and the discharge of the duties of the plaintiffs. The losses were directly caused by fire at a time when the tools were not being used in the discharge of the duties of the employees or in obedience to the employer's instructions, and where, as here, the court found that the plaintiffs were not required to leave their tools at the place of employment, section 2802 of the Labor Code is not applicable. This section of the code was enacted in 1937 and was based on former Civil Code, section 1969, which, as originally enacted, is identical with section 2802 of the Labor Code except that the phrase ''except as prescribed in the next section'' was deleted. The next section (1970), before its repeal, sets forth the conditions under which an employer is not bound to indemnify his employee, such as for ''losses suffered by the latter (employee) in consequence of the ordinary risks of the business in which he is employed'' and ''in consequence of the negligence of another person employed by the same employer.''

It is the contention of plaintiffs that by the reenactment of section 1969 in 1937 and the noted deletion, the Legislature intended to cover losses suffered by the employee other than for personal injuries. The section, by its terms, covers ''indemnification of employee for expenditures or losses in discharge of duties or obedience to directions'' and indicates a

legislative intent to provide for losses suffered from property damage. However, such losses must be in direct consequence of the discharge of the employee's duties or in obedience to the employer's directions. There is no evidence in the record indicating that the fire which directly caused the losses occurred in direct consequence of the discharge of duties of employment. The evidence shows that plaintiffs furnished their own hand tools and when broken or worn out these tools were replaced by plaintiffs, at their own expense. There was no requirement in the terms of employment that plaintiffs furnish a specified number or kind of hand tools and the employer exercised no control over them. Plaintiffs were not required to keep their tools in the garage at night and were free to take them away at any time. Under such circumstances, we cannot hold that the defendants were insurers of the private property of plaintiffs and responsible for the losses incurred.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied March 5, 1953, and appellants' petition for a hearing by the Supreme Court was denied April 9, 1953. Gibson, C. J., Carter, J., and Traynor, J., were of the opinion that the petition should be granted.